**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

John Calvin Neuendorf, II,⠀⠀⠀⠀)⠀⠀⠀No. CV 11-332-PHX-RCB (DKD)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀)⠀⠀⠀**ORDER TO SHOW CAUSE**
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
State of Arizona, et al.,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Defendants.⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
_____)

⠀⠀⠀⠀On February 18, 2011, Plaintiff John Calvin Neuendorf, II, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).  Plaintiff has not paid the $350.00 civil action filing fee, but has filed an Application to Proceed *In Forma Pauperis* (Doc. 3) and an Inmate Account Statement (Doc. 4).  On March 10, 2011, Plaintiff filed a supplement (Doc. 5) to his Complaint.

⠀⠀⠀⠀Because it appears that Plaintiff has at least "three strikes" under 28 U.S.C. § 1915(g), the Court will permit Plaintiff an opportunity to show cause why the dismissals of his prior lawsuits should not prevent him from proceeding *in forma pauperis* in this action.

**I.⠀⠀⠀"Three Strikes Provision" of 28 U.S.C. § 1915(g).**

⠀⠀⠀⠀A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

⠀⠀⠀⠀⠀⠀the⠀prisoner⠀has,⠀on⠀3⠀or⠀more⠀prior⠀occasions,⠀while

JDDL

incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The constitutionality of this provision has been upheld by the Ninth Circuit Court of Appeals. Andrews v. King, 398 F.3d 1113, 1123 (9th Cir. 2005); Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999). "[Section] 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews, 398 F.3d at 1121. "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120.

It appears that Plaintiff has filed at least five prior lawsuits while he has been a prisoner and that at least three of Plaintiff's prior lawsuits qualify as "strikes" under § 1915(g):

(1)   Neuendorf v. Steinhillber, 10-CV-724-PHX-RCB (DKD) (D. Ariz. Judgment of dismissal filed June 21, 2010);

(2)   Neuendorf v. John C. Lincoln Medical, 10-CV-752-PHX-RCB (DKD) (D. Ariz. Order of dismissal filed August 3, 2010); and

(3)   Neuendorf v. State of Arizona, 10-CV-2238-PHX-RCB (DKD) (D. Ariz. Order of dismissal filed January 20, 2011).

## II.   Imminent Danger

A plaintiff who has three or more strikes may not bring a civil action without complete prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." Kinnell v. Graves, 265 F.3d 1125, 1128 (10th Cir. 2001).

1  Plaintiff does not allege that he is in imminent danger of serious physical injury and

2  his allegations do not support such a finding.

3  **III.    Order to Show Cause**

4  "[O]nce a prisoner has been placed on notice of the potential disqualification under

5  § 1915(g) . . . , the prisoner bears the ultimate burden of persuading the court that § 1915(g)

6  does not preclude *IFP* status." <u>Andrews</u>, 398 F.3d at 1120.  This Order serves as notice of

7  Plaintiff's potential disqualification under § 1915(g).  The Court will permit Plaintiff an

8  opportunity to show cause in writing why the dismissals of his prior lawsuits do not preclude

9  him *in forma pauperis* status under § 1915(g).  Plaintiff's response to this Order **shall be**

10 **limited to this issue** and must be filed within **30 days** of the date this Order is filed.

11 Alternatively, Plaintiff may submit the $350.00 filing fee within **30 days** of the date this

12 Order is filed.

13 If Plaintiff fails to timely respond to this Order or fails to persuade the Court that

14 § 1915(g) does not preclude him *in forma pauperis* status, Plaintiff's Application to Proceed

15 will be denied, and the Complaint and this action will be dismissed without prejudice

16 pursuant to § 1915(g).  If Plaintiff wishes to reassert these claims in the future, he must

17 prepay the entire $350.00 filing fee when he files her action.

18 **IV.    Warnings**

19      **A.    Address Changes**

20 Plaintiff must file and serve a notice of a change of address in accordance with Rule

21 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

22 relief with a notice of change of address.  Failure to comply may result in dismissal of this

23 action.

24      **B.    Copies**

25 Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

26 LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

27 to Plaintiff.

28 . . .

1

### C.    Possible Dismissal

2    If Plaintiff fails to timely comply with every provision of this Order, including these

3    warnings, the Court may dismiss this action without further notice. <u>See</u> <u>Ferdik v. Bonzelet</u>,

4    963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

5    comply with any order of the Court).

6    **IT IS ORDERED:**

7    (1)    Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, within **30 days** of the

8    date this Order is filed, why the dismissals of his prior lawsuits do not preclude him *in forma*

9    *pauperis* status under 28 U.S.C. § 1915(g).  **Plaintiff's written response shall be limited**

10   **to this issue only**.

11   (2)    **If** Plaintiff fails to either pay the $350.00 filing fee **or** file a response to this

12   Order to Show Cause within **30 days** of the date this Order is filed,  the Clerk of Court must

13   enter a judgment of dismissal of this action without further notice to Plaintiff and without

14   prejudice to Plaintiff filing a complaint in a new case accompanied by prepayment of the full

15   $350.00 filing fee.

16   DATED this 8th day of April, 2011.

17

18

19   _____

20   Robert C. Broomfield
     Senior United States District Judge

21

22

23

24

25

26

27

28